IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.

ELOISA BAPTISTA MENDOZA,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD.,
d/b/a ROYAL CARIBBEAN INTERNATIONAL,

    Defendant.
_____/

# COMPLAINT

1. Plaintiff Eloisa Baptista Mendoza, through undersigned counsel, sues Defendant Royal Caribbean Cruises Ltd., d/b/a Royal Caribbean International, and alleges in support:

## I. PARTIES

2. Plaintiff Eloisa Baptista Mendoza is a resident and citizen of Porto Alegre, Brazil.

3. Defendant Royal Caribbean Cruises Ltd. ("RCCL"), is a Liberian Corporation headquartered and authorized to do business in Miami-Dade County, Florida. RCCL is the world's second largest cruise line operator, and markets, sells, and operates passenger cruises throughout the world.

4. At all material times, RCCL owned, operated, and controlled the vessel, the *Independence of the Seas*.

## II. JURISDICTIONAL STATEMENT

5. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1333. If Plaintiff so desires, Plaintiff is entitled to exercise her right under the "Savings to Suitors" Clause of 28 U.S.C. § 1333, and is entitled to a jury trial on all issues so triable.

6. The Court has personal jurisdiction over RCCL because the Defendant owns, operates, and maintains the *Independence of the Seas*, which is a full service cruise ship that regularly and systematically docks and embarks from ports in Miami-Dade County, Florida. The Defendant also engages in substantial and not isolated activities in Florida where it operates, conducts, engages in, and carries on a business venture and committed one or more of the acts enumerated under Fla. Stat. §48.193.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because RCCL resides in and maintains its base of operations in this district and is engaged in and doing business in Miami-Dade County, Florida.

8. In addition, jurisdiction and venue are proper in this district as the passenger ticket RCCL provided to the Plaintiff contains a forum selection clause which provides that the action shall be before the United States District Court for the Southern District of Florida.

9. All conditions precedent to filing and maintaining this action have been fulfilled, waived, or do not apply.

## III. FACTUAL ALLEGATIONS

10. On or about December 5, 2015, Plaintiff, along with her family, boarded the *Independence of the Seas* at Fort Lauderdale Port for a five-day Western Caribbean Cruise. The cruise was scheduled to visit the ports of Cozumel, Mexico, and Belize City, Belize.

11. On or about December 7, 2015, Plaintiff was dining in Bolero's, one of the restaurants onboard the ship. As she was walking through the restaurant, she slipped on the wet floor, causing her to fall on her back and sustain significant and substantial injuries, including but not limited to, a left transcervical fracture requiring a total hip replacement and a severe laceration to her hand. Despite the fact that RCCL knew or should have known of the wet floor, there were no warning signs anywhere in the area.

12. Plaintiff's family immediately requested help from the ship's crew and were afraid to move her given their concern that she was severely injured. Ultimately, Plaintiff was moved to the infirmary where she received medical attention.

13. Given the extent of Plaintiff's significant and substantial injuries, it was determined that she should disembark the vessel in Cozumel and be transported to a local hospital for surgery.

14. Because her injuries were so severe, Plaintiff was forced to remain at the hospital for twenty days, during which she underwent surgery, a total hip replacement, and multiple blood transfusions.

15. After approximately twenty days, Plaintiff was transported by air ambulance back to her home in Brazil where she is currently undergoing physical therapy and receiving additional treatment and care related to the injuries she sustained onboard the *Independence of the Seas*. Ms. Mendoza suffered more than $200,000 in out-of-pocket medical expenses that she paid directly related to the surgeries she underwent in Mexico and for the air ambulance flight home.

**COUNT I**
**NEGLIGENCE**

16. Plaintiff adopts and realleges paragraphs 1 through 15 above and further alleges:

17. At all material times, RCCL owed a duty to exercise reasonable care for the safety of its passengers, including the Plaintiff. RCCL also owed a duty of reasonable care under the

circumstances and a duty to warn of dangers known to RCCL in places where passengers are invited to, or may reasonably be expected to visit.

    18.    RCCL breached those duties and was negligent by:

        a.    Failing to inspect the subject floor where Plaintiff fell;

        b.    Failing to maintain the subject floor in a reasonably safe condition;

        c.    Providing negligent maintenance of the subject floor;

        d.    Failing to warn Plaintiff of the dangerous and/or unsafe condition of the subject floor;

        e.    Failing to remove the unsafe condition;

        f.    Failing to use anti-slip surfacing on the subject floor;

        g.    Observing that the subject floor was wet but failing to dry the area;

        h.    Failing to implement a method of operation that was reasonable and safe and would prevent dangerous conditions such as the one in this case;

        i.    Failing to comply with applicable industry standards, statutes, and/or regulations, the violation of which is negligence *per se* and/or evidence of negligence; and

        j.    Failing to comply with applicable industry standards, statutes, and/or regulations which invoke the *Pennsylvania Rule* and shifts the burden of proof to RCCL with respect to the proof of negligence or for the proof of the absence of negligence.

    19.    RCCL created a dangerous condition on the subject vessel and allowed the dangerous condition to exist, causing an accident in which Plaintiff was severely injured.

20. RCCL either created the dangerous condition, through its agents or employees; had actual knowledge of the dangerous condition; and/or had constructive knowledge of the dangerous condition.

21. RCCL had constructive knowledge of the dangerous condition by: the length of time the dangerous condition existed; (b) the size and/or nature of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity.  Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care, RCCL should have known about it.

22. In the alternative, notice to RCCL is not required because RCCL engaged in and was guilty of negligent maintenance; and/or negligent methods of operation.

23. The negligent condition occurred with sufficient regularity so as to be foreseeable to RCCL.

24. As a result of the RCCL's negligence, Plaintiff has suffered bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of important bodily functions, expense of hospitalization, medical and nursing care and treatment. The losses are permanent and continuing in nature.

WHEREFORE, Plaintiff demands judgment against RCCL for damages suffered as a result of Plaintiff's bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical and nursing care and treatment, other out-of-pocket costs, and loss of important bodily functions, which have been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, all interest, and any and all other damages which the Court deems just or appropriate.

## **DEMAND FOR JURY TRIAL**

25.     Plaintiff demands trial by jury on all issues triable as of right by a jury.

Dated July 5, 2016.

                              Respectfully submitted,

                              s/Brett E. von Borke
                              Brett E. von Borke (Florida Bar No. 0044802
                              vonborke@bucknermiles.com
                              Seth Miles, Esq. (Florida Bar No. 0385530)
                              seth@bucknermiles.com
                              Guy K. Noa (Florida Bar No. 111148)
                              noa@bucknermiles.com
                              Buckner + Miles
                              3350 Mary Street
                              Miami, Florida 33133
                              Telephone: 305.964.8003
                              Facsimile: 786.523.0485

                              *Attorneys for Plaintiff*